JAP:DAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M11-314

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

GAVRIEL BIDANY,

        Defendant.

- - - - - - - - - - - - - - - - - -X

C O M P L A I N T

(T. 49, U.S.C.,
§ 46506(1))

EASTERN DISTRICT OF NEW YORK, SS:

        JANET AMBRISCO, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

        Upon information and belief, on or about March 27, 2011, the defendant GAVRIEL BIDANY, while being an individual on an aircraft in the special aircraft jurisdiction of the United States, did commit an act, to wit, sexual contact, that, if committed in the special maritime and territorial jurisdiction of the United States, would violate Chapter 109A of Title 18 of the United States Code, to wit, Section 2244(b) of Title 18 of the United States Code.

        (Title 49, United States Code, Section 46506(1).)

2

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. On March 27, 2011, I was notified that a female passenger (hereinafter, "the passenger") who had been aboard Delta Airlines Flight No. 269 from Tel Aviv, Israel to John F. Kennedy International Airport ("JFK") in Queens, New York, complained that defendant GAVRIEL BIDANY had engaged in unwanted and non-consensual sexual contact with her during the course of the flight.

2. Upon being notified of the passenger's complaint, I proceeded to JFK and met with the passenger. The passenger indicated to me, in sum and substance and among other things, that she was assigned to a middle seat on Delta Airlines Flight No. 269, and that defendant GAVRIEL BIDANY was seated next to her in an aisle seat on her right. Approximately one hour into the flight, the passenger observed the defendant place a blanket over his head and appear to go to sleep. Sometime thereafter, the passenger herself fell asleep, placing her head down on her seat's tray table, and pulling a blanket over her body and head.

3. Approximately half an hour later, the passenger awoke to discover that the defendant GAVRIEL BIDANY had placed his hand under her blanket, on her groin, and was groping her genital area. As the passenger jumped back, the defendant quickly removed his hand from her groin. The passenger observed

---

[1]   Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

that the defendant had turned his head toward her and had his eyes open.

4. The passenger pulled her blanket back over her head and body. Several minutes later, the defendant GAVRIEL BIDANY again reached under the passenger's blanket, this time groping the passenger's breasts. The passenger jumped back and said in sum and substance, "What are you doing, stop touching me." The defendant responded, in sum and substance, "It's a mistake, I'm asleep." The passenger then left her seat to advise the flight crew of the incident.

5. In addition to interviewing the passenger, I have spoken with members of the flight crew, who confirmed that the passenger had advised them of the incident during the flight. One member of the crew who had spoken with the passenger immediately following the incident described her as visibly shaken and frantic.

6. It is your deponent's understanding that the plane on which defendant GAVRIEL BIDANY was flying is a "civil aircraft of the United States," pursuant to 49 U.S.C. § 46501(2)(a). It is further your deponent's understanding that the plane in question was "in flight," as defined in 46 U.S.C. § 46501(1), during the events described herein.

WHEREFORE, your deponent respectfully requests that defendant GAVRIEL BIDANY be dealt with according to law.

_____
JANET AMBRISCO
Special Agent
Federal Bureau of Investigation

Sworn to before me this
28th day of March, 2011

_____
United States Magistrate Judge
Eastern District of New York